[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REOPEN JUDGMENT
The plaintiff moves to reopen a prior judgment in the amount of $3,250,450.00 entered on July 10, 1997. It had been pled and admitted that the defendant was in bankruptcy, and that the Bankruptcy Court had granted an automatic stay of this and other legal proceedings but that nonetheless the Bankruptcy Court had modified and vacated its stay as to the plaintiff so this civil action could be pursued. This court, in entering judgment on the verdict, did not award prejudgment interest. In the post verdict argument on whether judgment should enter on the verdict, plaintiff's counsel did not ask for interest. The court was aware that plaintiff's remedy was limited by the Bankruptcy Court's relief from the stay solely to any liability insurance, and presumed no request was made because the policy which was not in evidence did not provide coverage for it. The plaintiff now claims that despite not expressly asking for this relief, he was entitled to rely on the mandatory provisions of Connecticut General Statutes § 52-192a, the offer of judgment statute. At the hearing on the Motion to Reopen, he offered evidence that while the policy of insurance is limited to $2,000,000.00 indemnity for damages, it also included additional coverage for interest. The defendant now contends that (1) the plaintiff waived his right to interest by not specifically requesting it prior to entry of judgment; and (2) if interest is awarded after CT Page 17 reopening, it should be limited in time because the defendant made a post verdict prejudgment offer to settle the case.
The court grants the motion to reopen the judgment and awards interest on the $3,250,450.00 verdict from July 11, 1991, the date of the filing of the complaint, to judgment date of July 10, 1997, in the amount of $2,340,324.00 representing the prejudgment interest due on the entire verdict amount at 12% per annum for six years. This order is subject to the provisions of the May 20, 1991 decree in the U.S. Bankruptcy Court for the District of Connecticut permitting this case to proceed despite the stay.
Where relief has been obtained from a bankruptcy stay to allow a state tort claim to proceed, the better practice is to specifically request prejudgment interest at the time judgment enters. However, in light of the unusual bankruptcy aspect of this case and the requirements of § 52-192a of the General Statutes, the court finds no intentional relinquishment of the right to interest occurred and that justice warrants reopening the judgment and award of prejudgment interest.
"The imposition of interest as a result of finding that the plaintiff was entitled to an award of damages in excess of the offer of judgment is mandatory. `Our courts have consistently held that prejudgment interest is to be awarded by the trial court when a valid offer of judgment is filed by the plaintiff, the offer is rejected by the defendant, and the plaintiff ultimately recovers an amount greater than the offer of judgment after trial. . . . Moreover, . . . the application of §52-192a does not depend on an analysis of the underlyingcircumstances of the case of a determination of thefacts. . . .'" (Citations omitted; emphasis in original; internal quotation marks omitted.) Blakeslee Arpaia Chapman. Inc., EIConstructors, Inc., 239 Conn. 708, 752, A.2d (1997). "If the statutory preconditions for an award of interest are satisfied, such an award is required. " Maulucci v. St. Francis Hospital,
Superior Court, judicial district of New Britain, Docket No. 510685 (June 17, 1996, Blue, J.) (17 Conn. L. Rptr. 75).
In the present case, the plaintiff filed his initial complaint on July 11, 1991. On November 13, 1992 the plaintiff filed his offer of judgment for $2,000,000.00. Calculation of the time between the initial filing of the complaint and the filing of the offer of judgment indicates that the plaintiff filed his offer within 18 months as required under § 52-192a(b). The CT Page 18 defendant did not accept the plaintiff's offer, and subsequently, a judgment in excess of the plaintiff's offer was entered in favor of the plaintiff. The "statutory preconditions" of §52-192a were satisfied by the plaintiff, and therefore, the plaintiff is entitled to prejudgment interest from the date the complaint was filed to the date judgment was entered on the full amount of the jury's verdict. See Blakeslee Arpaia Chapman Inc.v. EI Constructors, Inc., supra, 239 Conn. 752.
It is clear to this court that unless the defendant's insurer and the plaintiff arrive at some agreement, the amounts recoverable from the defendant's insurer, which is not a party to this case, will have to be determined in a separate proceeding either in the U.S. Bankruptcy Court or some other forum before which the insurer is a party. In that separate legal proceeding the defendant's insurer will have the opportunity to litigate any coverage issues including (1) what amount of the verdict it is liable to indemnify; (2) whether prejudgment interest should be calculated on the whole or only part of the verdict; and (3) whether the insurer's offer to settle made after the verdict stops any further excess claims for indemnity which the plaintiff may have.
This court has therefore limited itself to rendering judgment upon the verdict rendered in the tort claim without consideration of the effect of the bankruptcy, having previously made the necessary procedural orders making it clear that recovery could not be had from the bankrupt defendant's estate.
Except as modified by this order, the July 10, 1997 judgment shall remain in full force and effect
Flynn, J